UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| BRAD LAWRENCE DENNEY, ) | |
| ) | |
| Petitioner, ) | No. 6:23-CV-213-KKC-HAI |
| ) | |
| v. ) | RECOMMENDED DISPOSITION |
| ) | |
| ANNA VALENTINE, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

*** *** *** ***

On November 30, 2023, the Court received Petitioner Brad Denney's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. D.E. 1. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2254 Cases to conduct a preliminary review. *See* Rules Governing Section 2254 Cases, Rule 4.

Denney previously filed a section 2254 petition in the Eastern District of Kentucky in 2013. *Denney v. Taylor*, No. 6:13-CV-98-GFVT-CJS, 2015 WL 2154889 (E.D. Ky. May 17, 2015). Magistrate Judge Smith recommended that the District Court deny the petition. Denney filed no objections, and District Judge Van Tatenhove adopted the recommendation, dismissed Denney's petition with prejudice, and denied a certificate of appealability. *Id.*

Denney's current petition appears to be "second and successive" under 28 U.S.C. § 2244. It concerns the same judgment as the 2013 petition. Under § 2244, the Court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined . . . on a prior application[.]" 28 U.S.C. § 2244(a). Before filing a second or successive habeas corpus petition under § 2254, a petitioner must seek an order from

the Sixth Circuit authorizing this Court to consider the application. *Id*. § 2244(b)(3)(A). The Sixth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." *Id*. § 2244(b)(3)(C). Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be. *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The record does not reflect proper certification from the United States Court of Appeals for the Sixth Circuit permitting Denney to file the instant § 2254 petition.

Denney in his petition acknowledges he "previously filed a petition for writ of habeas corpus in this Court," and cites the 2013 case. D.E. 1 at 6 ¶ 14. Denney however argues: "this petition while second in line is not successive because Judgments of conviction that violate public policy are void under principles of contract law." *Id*. at 7.

Not every numerically second petition is "second or successive." For example, when "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015); *see also In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016). In this case, no new judgment has been entered since the first federal habeas petition was dismissed.[1]

Also, a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unexhausted or otherwise unripe, is not second or successive. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998). One reason that subsequent petitions are not considered "successive" is that the prior dispositions

---

[1] *See Commonwealth v. Brad Lawrence Denney*, McCreary Circuit Court No. 01-CR-00048-001 (docket sheet).

2

were not "on the merits." *Slack*, 529 U.S. at 485-86; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

Here, Denney's prior federal habeas petition was dismissed on the merits, except for Ground One, which was found to be unexhausted. *See Denney v. Taylor*, No. 6:13-CV-98-GFVT-CJS, 2015 WL 2154889, at *11 (E.D. Ky. May 7, 2015). Ground One of the 2013 petition alleged as follows:

> *GROUND ONE:* There is no evidence of guilt because Petitioner did not commit the crime.
>
> *Supporting Facts:* Alleged co-defendant made deal with Commonwealth to give perjured testimony against Petitioner. Counsel informed Petitioner he would get the death penalty on codefendant's testimony. Victim's nieces were alibi witnesses for Petitioner but counsel never interviewed them. . . .

*Id*. at *3. Denney's new petition states a single ground for relief, as follows:

> The Judgment of conviction and sentence is illegal as it was arrived at by coercion and forcing Petitioner to choose between pleading guilty to the charges or opting for trial while the death penalty notice was still pending, placing him in an unconstitutional "Hobson's Choice" which cannot be sustained in contract principles and law.

D.E. 1 at 5 ¶ 12. Denney's 2023 Ground One is not the same argument as his 2013 Ground One. Denney explains his 2023 issue was presented in state court via a Rule 60.02 motion, which the state court denied on June 14, 2022, affirmed on appeal on July 28, 2023. *Id*. at 5-6.

Documents related to Denney's 2021 Rule 60.02 motion are attached to his petition. D.E. 1-1 at 1-14. They show that Denney argued in that motion that his plea agreement was coerced. The Court of Appeals held that this argument was procedurally barred because Denney could have raised it in his 2004 Rule 11.42 motion. *Denney v. Comm.*, No. 2022-CA-1178-MR, 2023 WL 4830857, at *3 (Ky. Ct. App. July 28, 2023) ("[Kentucky Supreme Court precedent] and

3

RCr 11.42(3) are clear that Denney was required to state all known grounds for holding the sentence invalid when he filed his RCr 11.42 motion in 2004.").

Accordingly, setting aside the second-or-successive issue, Denney's 2023 federal habeas Ground One is procedurally defaulted. The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition. *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir. 2013) (citing 28 U.S.C. § 2254(b), (c)). Procedural default exists when the state court invokes an independent and adequate state procedural rule to dispose of the claim. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Kentucky appellate court held that Denney's claim of coercion could only have been brought as part of Denney's original state postconviction motion. This was an invocation of an independent and adequate state procedural rule.

The Court of Appeals ruled on the merits in the alternative, finding Denney's coercion argument was meritless. *Denney*, 2023 WL 4830857, at *4. But default exists even when the state court rules on the merits in the alternative. *Hanna v. Ishee*, 694 F.3d 596, 607 (6th Cir. 2012); *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). When the final reasoned state court opinion rules in the alternative and one of the alternatives is a state procedural bar, then the claim is defaulted. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989). For this Court's purposes, the claim is procedurally defaulted. Further, Denney offers no argument that cause and prejudice exist to excuse that default. *See Martinez v. Ryan*, 566 U.S. 1, 13 (2012); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). Because Denney's 2023 federal habeas petition is second or successive, any argument against procedural default would need to be made to the Sixth Circuit.

In summary, Denney now attacks the same judgment that was the subject of a previously denied federal habeas petition. He does not indicate that he has received authorization from the Sixth Circuit to file a second or successive habeas petition. *See Clark v. United States*, 764 F.3d 653, 657-58 (6th Cir. 2014).

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner an opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In this case, Denney has already addressed the second-or-successive issue in his petition, and he will have another opportunity by filing any appropriate objections to this Recommended Disposition. The Sixth Circuit in *Shelton* recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Because the legality of his detention was upheld on the merits on a prior § 2254 petition, Denney is required to seek certification from the Sixth Circuit to file this second or successive petition. For this reason, the undersigned **RECOMMENDS** that Denney's petition be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(a) for a determination as to whether the District Court may review it. If this recommendation is adopted, the undersigned further recommends that Denney's "Motion to Be Relieved of AO 241 Form Requirement" (D.E. 3) be denied as moot.

Any objection to, or argument against, denial of the § 2254 motion must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 1st day of December, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge