UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| BRAD LAWRENCE DENNEY,<br><br>    Petitioner,<br><br>V.<br><br>ANNA VALENTINE, Warden,<br><br>    Respondent. | CASE NO. 6:23-CV-213-KKC-HAI<br><br><br>**ORDER** |

*** *** ***

This matter is before the Court on Brad Lawrence Denney's petition for writ of habeas corpus. (DE 1.) Magistrate Judge Hanly A. Ingram filed a recommended disposition (DE 5) in which he recommends the Court transfer Denney's petition to the Sixth Circuit pursuant to 28 U.S.C. § 2244(a) for a determination as to whether this Court may review it. Denney filed timely objections to the magistrate judge's recommendation. (DE 8.) The Court has reviewed the recommendation and agrees with its analysis, but now turns to address Denney's objection to the transfer of his petition to the Sixth Circuit.

Denney does not contest that this is his second petition for writ of habeas corpus. Further, both petitions concern the same judgment against him. Denney argues, however, that 28 U.S.C. § 2244 is inapplicable to him because a miscarriage of justice would result if the Court did not hear the claim. (DE 8 at 10.) The Court has found no case law that suggests that an alleged "miscarriage of justice" renders a petitioner immune from the procedural requirements of § 2244. Accordingly, Denney must follow these requirements in order for this Court to consider his second habeas corpus petition.

Section 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a

judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Claims presented in a "second or successive habeas corpus application under section 2254 that [were] presented in a prior application shall be dismissed." *Id.* § 2244(b)(1). Before filing a second or successive habeas petition under § 2254, a petitioner *must seek* an order from the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* § 2244(b)(3)(A).

The magistrate judge correctly states that Denney's current petition is second or successive under the relevant statutes. (DE 5 at 2.) He also notes that the record does not reflect proper certification from the Sixth Circuit permitting Denney to file his pending § 2254 petition. (*Id.*) Still, Denney would have the Court hear his petition because doing otherwise would result in a "miscarriage of justice." The Court, however, is not refusing to ever hear his petition; it is simply waiting until the Sixth Circuit informs the Court that it has the authorization to consider his application.

For the aforementioned reasons, the Court hereby ORDERS that:

1) the recommended disposition (DE 5) is ADOPTED as the Court's opinion to the extent that Sixth Circuit authorization is required to consider this application;

2) Denney's petition for writ of habeas corpus SHALL BE TRANSFERRED to the Sixth Circuit for a determination as to whether the District Court may review it; and

3) Denney's motion to be relieved from AO 241 form requirements (DE 3) is DENIED as moot.

January 19, 2024

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY